# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:

VINCENT A. PIAZZA, III

| | |
|---|---|
| Chapter: | 7 |
| Case No.: | 5-18-bk-02300 RNO |
| Adversary No.: | 5-18-ap-00101 RNO |
| Document No.: | 4 |
| Nature of Proceeding: | Motion to Dismiss Adversary Proceeding |

PATRICIA ELLIOTT

Plaintiff(s)

vs.

VINCENT A. PIAZZA, III

Defendant(s)

## OPINION[1]

The Plaintiff seeks a finding of non-dischargeability for her claim against the Debtor/Defendant (incorrectly identified as "Plaintiff" in the Complaint case caption) for charges he incurred on her credit card as an authorized user. Upon Motion, I will dismiss the Complaint, with leave to amend.

**I.     Jurisdiction**

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I).

**II.    Facts and Procedural History**

Vincent A. Piazza, III ("Piazza") filed a voluntary petition under Chapter 7 of the Bankruptcy Code on May 31, 2018. The required schedules and statements were filed with the bankruptcy petition.

---

[1] Drafted with the assistance of Timothy R. Powell, Law Clerk.

On September 4, 2018, Patricia Elliott ("Elliott") commenced this Adversary Proceeding seeking non-dischargeability of her claim against Piazza. The case was commenced by a Complaint ("Complaint"). ECF No. 1.

The Complaint contains a total of thirty-four numbered paragraphs. While the Complaint only contains one count, it makes reference to two different subsections of the Bankruptcy Code each of which can provide for non-dischargeability of a claim. Namely, 11 U.S.C. § 523(a)(2)(A) and 11 U.S.C. § 523(a)(2)(B).[2]

Piazza filed a Motion to Dismiss the Complaint on October 5, 2018 ("Motion"). The Motion has been briefed and a hearing was held on January 31, 2019.

### III. Discussion

#### A. Standard to Decide a Motion to Dismiss

Generally, a motion must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) made applicable to adversary proceedings by Fed. R. Bankr. P. 7008.

The Federal Rules of Civil Procedure establish a system of notice, rather than fact pleading. *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1985 (2007); *In re Bernard L. Madoff Inv. Securities LLC*, 458 B.R. 87, 113 (Bankr. S.D.N.Y. 2011) (a complaint should provide each defendant with fair notice of what the plaintiff's claim is and the facts upon which it rests).

However, pleading some special matters requires more particularity. There is a heightened pleading standard for averments of fraud, which is part of the gravamen of this Complaint. Rule 8(a)'s simplified pleading standard applies to all civil actions with limited exceptions. Rule 9(b), for example, provides for greater particularity in all averments of fraud or mistake. *Swierkiewicz v. Sorema N.A.*, 122 S. Ct. 992, 998 (2002). Where fraud is alleged, the

---

[2] Unless otherwise noted, all future statutory references are to the Bankruptcy Code, 11 U.S.C. § 101, *et seq.*, as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8, 119 Stat. 37 ("Bankruptcy Code").

complainant should accompany a pleading with the first paragraph of any newspaper story – that is, the who, what, when, where, and how of the events at issue. *In re Rockefeller Center Properties, Inc. Securities Litigation*, 311 F.3d 198, 217 (3d Cir. 2002) (internal citations omitted). The heightened pleading standard for fraud allegations furthers important purposes: (1) due notice to defendants, (2) increased protections from possibly defamatory statements, and, (3) decreasing the number of frivolous suits. *In re Adalian*, 481 B.R. 290, 294 (Bankr. M.D. Pa. 2012); *In re Glunk*, 343 B.R. 754, 757 (Bankr. E.D. Pa. 2006) (complaints for non-dischargeability for fraud under § 523(a)(2)(A) are governed by the heightened pleading requirements of Fed. R. Bankr. P. 7009 and Fed. R. Civ. P. 9(b)). Part of my review of the Complaint will consider the heightened pleading requirement for allegations of fraud.

To withstand the Motion, the Complaint must contain enough factual content to allow me to draw the reasonable inference that any claim Elliott holds against Piazza is non-dischargeable. This plausibility standard requires more than the sheer possibility that a defendant acted unlawfully. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

When considering a motion to dismiss, I view the complaint's factual allegations and its pled legal conclusions differently. The Third Circuit has explained:

> The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts.

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (internal citations omitted); *In re Brown*, 591 B.R. 587, 591 (Bankr. M.D. Pa. 2018); *see also In re EP Liquidation, LLC*, 583 B.R. 304, 314 (Bankr. D. Del. 2018).

When considering a motion to dismiss, a court considers the complaint as well as attached exhibits and matters of public record. Fed. R. Bankr. P. 7010 (incorporating Fed. R.

3

Civ. P. 10(c)); *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993); *Taylor v. Henderson*, 2015 WL 452405, at *1 (D. Del. Jan. 30, 2015).

Federal Rule of Evidence 201 allows a court to take judicial notice of facts that are not subject to reasonable dispute. A bankruptcy court may take judicial notice of the docket entries in a case and the contents of the bankruptcy schedules to determine the timing and status of case events, and other facts which are not reasonably in dispute. *In re Harmony Holdings, LLC*, 393 B.R. 409, 413 (Bankr. D.S.C. 2008); *In re Paolino*, 1991 WL 284107, at *12, n.19 (Bankr. E.D. Pa. Jan. 11, 1991).

I take judicial notice of the dockets in Piazza's underlying Chapter 7 case and in this Adversary Proceeding. I will also take notice of the contents of the bankruptcy schedules and statements, which are not in dispute.

### B. Dischargeability Generally Favored

One of the underlying purposes of the Bankruptcy Code is to allow a debtor a fresh start. Thus, exceptions to discharge are strictly construed against creditors and liberally construed in favor of debtors. *Ins. Co. of N. Am. v. Cohn (In re Cohn)*, 54 F.3d 1108, 1113 (3d Cir. 1995); *In re Gotwald*, 488 B.R. 854, 865 (Bankr. E.D. Pa. 2013); *Customers Bk. v. Osadchuk*, 2018 WL 4562403, at *2 (D.N.J. Sept. 24, 2018); *In re Adalian*, 474 B.R. 150, 160 (Bankr. M.D. Pa. 2012).

### C. What Are the Required Elements to Prove a Non-Dischargeable Claim?

Generally, in a non-dischargeability action, the bankruptcy court addresses two separate questions. First, has Elliott pled an enforceable obligation under state law? If she has, is the debt non-dischargeable under either § 523(a)(2)(A) or § 523(a)(2)(B) of the Bankruptcy Code? *Black v. Gigliotti*, 514 B.R. 439, 444 (E.D. Pa. 2014); *In re August*, 448 B.R. 331, 346 (Bankr. E.D. Pa. 2011).

As to the first question, a bankruptcy court looks to state law to determine whether there is an enforceable claim against a debtor. *Grogan v. Garner*, 498 U.S. 279, 282-84, 111 S. Ct. 654, 657-58 (1991); *In re Hazelton*, 304 B.R. 145, 150 (Bankr. M.D. Pa. 2003).

Concerning the second question, the issue of the alleged non-dischargeability of a creditor's valid claim is a matter of federal law governed by the provisions of the Bankruptcy Code. *Grogan*, 498 U.S. at 284; *In re Pulvermacher*, 567 B.R. 881, 886 (Bankr. W.D. Wis. 2017); *In re Guest*, 193 B.R. 745, 747 (Bankr. E.D. Pa. 1996).

### D. Has an Enforceable Claim Been Pled Under State Law?

The Complaint is not a model of clarity. In part, the Complaint alleges that Elliott and Piazza entered into an "agreement" whereunder Piazza and his wife, Brittney, would have use of one of Elliott's credit cards. The Complaint does not allege whether the purported agreement was written or oral. No written agreement is attached as an exhibit to the Complaint. In Pennsylvania, in order to be enforceable, certain agreements must be in writing. For example, an agreement which evidences an interest in land. 33 P.S. § 1; *Bozzi v. Greater Del. Valley Sav. & Loan Ass'n*, 389 A.2d 122, 124 (Pa. Super. 1978). Also, a promise to answer for the debt of another must be in writing. 33 P.S. § 3; *Biller v. Ziegler*, 593 A.2d 436, 440-41 (Pa. Super. 1991).

Exhibit F1 to the Complaint appears to be a February 13, 2014, email from Piazza to Elliott which refers to a "verbal agreement" allowing Piazza access to Elliott's Alaska Airlines credit card. At this stage, I will assume that any agreement between Elliott and Piazza was oral. Pennsylvania courts have held that the proof establishing an oral contract must not only be credible but be of such weight and directness as to make out facts beyond a doubt. *Brown v. City of Philadelphia*, 2008 WL 9405070, at *3 (Pa. Cmlth. Feb. 21, 2008).

At the motion to dismiss stage, I view the facts pled in the light most favorable to Elliott, the non-moving party. The Complaint does allege that, as noted above, Elliott allowed Piazza to make charges on one of her credit cards as an authorized user. The Complaint, in part, provides,

"Defendants [sic] agreed to pay Plaintiff or Plaintiff's bank for the purchases made on the credit cards; . . ." Compl. ¶ 7.c., p. 3, ECF No. 1.

The Complaint also includes, "Defendant has not upheld his obligation to pay off the debts he incurred on Plaintiff's credit cards [sic]." Compl. ¶ 29, p. 8, ECF No. 1. The Complaint fails to allege any agreed terms for Piazza to repay charges which he incurred on Elliott's credit card. Were such payments to be made within a certain term? Or, were the credit card charges to be repaid upon demand?

In Pennsylvania, a breach of contract claim generally requires the showing of three elements: (1) the existence of a contract, including its essential terms; (2) a breach of a duty imposed by the contract; and, (3) resultant damage. *Stark v. White*, 2013 WL 11266157, at *5 (Pa. Super. Apr. 4, 2013) (internal citations omitted).

I am concerned that Elliott has failed to explicitly plead whether the agreement was oral or written. Further, to the extent the loan agreement is alleged, it would be reasonable to conclude that the required manner of repayment would be an essential term.

The Complaint also includes the following:

> Plaintiff has obtained judgment against the Defendant in the United States District Court for the State of Alaska, First Judicial District at Ketchikan filed to No. 1KE-14-146 CI.

Compl. ¶ 30, p. 8, ECF No. 1 ("Judgment"). The Complaint further alleges that a true and correct copy of the Judgment is attached as Exhibit H to the Complaint. First, I take judicial notice that the District Court for the State of Alaska, First Judicial District at Ketchikan is the Alaska state trial court and not a United States District Court. Further, Exhibit H to the Complaint is titled "Final Judgment." However, the copy of the order is undated and does not bear the signature of the District Court Judge whose name appears on the Judgment.

Piazza's brief refers to a default judgment being entered in Alaska. Piazza argues that he no longer lived in Alaska when the "judgment" was entered. I take judicial notice per Federal

Rule of Evidence 201 that Piazza's address in his Chapter 7 petition is in Clarks Summit, Pennsylvania. Based upon this exhibit, I cannot make a finding that Elliott holds a final judgment against Piazza.

I conclude that Elliott has not pled an enforceable claim against Piazza under state law. The Court recognizes that it could end its analysis at this stage. However, since I intend to grant Elliott leave to amend and there are significant issues concerning the non-dischargeability of any claim held by Elliott against Piazza, I will briefly address some of those questions in the next two sections of this Opinion.

> E. Is Any Breach of Contract Claim Non-Dischargeable
>    Pursuant to § 523(a)(2)(A)?

To prevail in a § 523(a)(2)(A) action, a creditor must prove each of the following: (1) the debtor made a false representation; (2) the debtor knew the representation was false when it was made; (3) the debtor intended to deprive the creditor or to induce him to act upon the representation; (4) the creditor justifiably relied upon the representation; and, (5) the creditor sustained a loss as a proximate result of the representation. *In re Griffith*, 2014 WL 4385743, at *3 (Bankr. M.D. Pa. Sept. 4, 2014); *In re Ritter*, 404 B.R. 811, 822 (Bankr. E.D. Pa. 2009). A mere breach of contract alone does not establish actual fraud or misrepresentation under § 523(a)(2)(A). *In re Giquinto*, 388 B.R. 152, 166 (Bankr. E.D. Pa. 2008); *In re Antonius*, 358 B.R. 172, 182 (Bankr. E.D. Pa. 2006); *In re Witmer*, 541 B.R. 769, 777-78 (Bankr. M.D. Pa. 2015).

Earlier in this Opinion, I discussed that in federal court only notice pleadings are required. However, a complaint must still sufficiently apprise a defendant of the nature of the claim and the acts relied upon by the plaintiff as constituting unlawful conduct. *Axcan Scandipharm Inc. v. Ethex Corp.*, 585 F. Supp. 2d 1067, 1084 (D. Minn. 2007); *In re Lexington Healthcare Group, Inc.*, 339 B.R. 570, 575 (Bankr. D. Del. 2006) ("A plaintiff is required to set

forth the facts with sufficient particularity to apprise the defendant fairly of the charges made against him so that [he] can prepare an adequate answer.").

I am concerned that, due to inconsistencies between the Complaint and the attached exhibits, Piazza has not been fairly apprised of the alleged facts upon which Elliott bases her claim.

The Complaint alleges, in conclusory fashion, that Piazza owes Elliott $66,069.78, plus interest. Compl., ¶ 1, p. 1, ECF No. 1. Very little detail is provided to support this claimed balance. What charges did Piazza incur and when? What repayments did he make, either to Elliott or the credit card issuer? The Complaint lacks the who, what, and when which are required when fraud is alleged. *In re Rockefeller Center Properties, Inc. Securities Litigation*, 311 F.3d at 217.

I conclude that the insufficiency of the Complaint is magnified by the fact that, while Elliott is proceeding under two subsections of the Bankruptcy Code, this is a single count complaint which fails to separate the purported causes of action under § 523(a)(2)(A) and § 523(a)(2)(B). Each of these subsections of the Bankruptcy Code have quite different required elements of proof. The separate claims for non-dischargeability should be pled in separate counts.

I conclude that the Complaint has failed to set forth a plausible claim for non-dischargeability under § 523(a)(2)(A).

    **F.    Is Any Breach of Contract Claim Non-Dischargeable Pursuant to § 523(a)(2)(B)?**

The Bankruptcy Code provides that a debt is non-dischargeable where the debt was made based upon:

    **(B)** use of a statement in *writing* --

        **(i)** that is materially false;

> **(ii)** respecting the debtor's or an insider's financial
> condition;
>
> **(iii)** on which the creditor to whom the debtor is liable for
> such money, property, services, or credit reasonably relied;
> and
>
> **(iv)** that the debtor caused to be made or published with
> intent to deceive;

11 U.S.C. § 523(a)(2)(B) (emphasis added). A statement about a single asset can be a statement respecting the debtor's financial condition. However, if the statement is not in writing, the associated debt may be discharged in bankruptcy, even if the statement was false. *Lamar, Archer & Cofrin, LLP v. Appling*, 138 S. Ct. 1752, 1757 (2018). A statement regarding the debtor's financial condition must be in writing in order to be actionable under § 523(a)(2)(B). *In re Schempp*, 420 B.R. 637, 640 (Bankr. W.D. Pa. 2009).

Again, I view the facts pled in the light most favorable to Elliott at this stage of the proceeding. However, because the Complaint made no effort to separate the alleged causes of actions under § 523(a)(2)(A) or (B), I am unable to conclude that Elliott has pled a plausible claim for non-dischargeability under § 523(a)(2)(B). Further, I found in Section D above that a plausible claim for breach of contract had not been pled under state law. Therefore, this non-dischargeability analysis is hypothetical to the extent it assumes that a plausible breach of contract claim has been pled.

The Court fully expects that if Elliott files an amended complaint, she will heed the Court's direction that, to the extent she bases her causes of action upon different provisions of the Bankruptcy Code, those causes of action will be set forth in separate counts.

### G.  Should an Amended Pleading be Allowed?

Generally, when a motion to dismiss is granted, the court should permit an amendment to cure the defect, unless an amendment would be inequitable or futile. *Phillips v. Cty of Allegheny*,

515 F.3d 224, 236 (3d Cir. 2008); *In re Broad Street Media LLC*, 2017 WL 5624879, at *10 (Bankr. D.N.J. Nov. 20, 2017).

Amendment of a complaint is futile where the complaint, as amended, would fail to state a claim upon which relief could be granted. *In re Burlington Coat Factory Securities Litigation*, 114 F.3d 1410, 1434 (3d Cir. 1997); *In re Vertis Holdings, Inc.*, 536 B.R. 589, 608 (Bankr. D. Del. 2015).

The Complaint is the original complaint in this matter. I cannot conclude at this point that an amended complaint would necessarily be futile. My disposition will thus allow for an amended complaint.

## IV. Conclusion

The Motion to Dismiss the Complaint for failure to state a plausible claim for relief will be granted. Further, Elliott will be allowed twenty-one days to file an amended, conforming complaint.

By the Court,

_____
Robert N. Opel, II, Chief Bankruptcy Judge (BI)

March 7, 2019