# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:

VINCENT A. PIAZZA, III

|  |  |
|---|---|
| Chapter: | 7 |
| Case No.: | 5-18-bk-02300 RNO |
| Adversary No.: | 5-18-ap-00101 RNO |
| Document No.: | 17 |
| Nature of Proceeding: | Motion to Dismiss Amended Complaint |

PATRICIA ELLIOTT

Plaintiff(s)

vs.

VINCENT A. PIAZZA, III

Defendant(s)

## OPINION[1]

This is a non-dischargeability action. A motion to dismiss the original complaint was previously granted, with leave to amend. The Plaintiff/Creditor filed an Amended Complaint and the Debtor/Defendant has moved to dismiss the Amended Complaint. For the reasons stated below, I will deny the Motion to Dismiss.

### I. Jurisdiction

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I).

### II. Facts and Procedural History

Today, I write primarily for the benefit of the parties. There is a brief statement of facts and procedural history in the Court's Opinion concerning the grant of the motion to dismiss the original complaint. That decision is reported as *In re Piazza*, 2019 WL 1084203 (Bankr. M.D. Pa. Mar. 7, 2019) ("Piazza I").

---

[1]  Drafted with the assistance of Timothy R. Powell, Law Clerk.

1

An Amended Complaint was filed in this Adversary Proceeding on March 28, 2019 ("Amended Complaint"). ECF No. 12. The Amended Complaint contains a total of eighty-two numbered paragraphs and contains two counts. The complaint filed on September 4, 2018, was a single-count complaint containing a total of thirty-four numbered paragraphs ("Original Complaint"). ECF No. 1. Nine exhibits were attached to the Original Complaint; twenty-three exhibits were filed regarding the Amended Complaint.

A Motion to Dismiss the Amended Complaint was filed on April 18, 2019 ("Motion"). ECF No. 17. The Motion has been briefed and oral argument was heard on July 23, 2019. The Motion is now ripe for decision.

### III. Discussion

#### A. Standard to Decide a Motion to Dismiss

Generally, a pleading that states a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" pursuant to Federal Rule of Civil Procedure 8(a)(2), which is made applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7008.

The Federal Rules of Civil Procedure establish a system of notice, rather than fact, pleadings. *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1985 (2007); *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008); *Bey v. U.S. Postal Service*, 2014 WL 563388, at *2 (M.D. Pa. Feb. 11, 2014).

Pleading certain matters requires more particularity. There is a heightened pleading standard for averments of fraud; fraud is implicated by Counts I and II of the Amended Complaint.

Federal Rule of Civil Procedure 9(b) provides that an allegation of fraud must plead with particularity, the circumstances constituting fraud. That rule applies to this adversary proceeding pursuant to Federal Rule of Bankruptcy Procedure 7009.

2

Where fraud is alleged, the complainant should accompany a pleading with the first paragraph of any news story – that is, the who, what, when, where, and how of the events at issue. *In re Rockefeller Center Properties, Inc. Securities Litigation*, 311 F.3d 198, 217 (3d Cir. 2002) (internal citations omitted).

The heightened pleading standard for allegations of fraud furthers three important purposes: (1) providing due notice to defendants; (2) providing increased protection from possibly defamatory statements; and, (3) decreasing the number of frivolous lawsuits. *In re Adalian*, 481 B.R. 290, 294 (Bankr. M.D. Pa. 2012); *see also In re Glunk*, 343 B.R. 754, 757 (Bankr. E.D. Pa. 2006).

For the Amended Complaint to withstand the Motion, it must contain enough factual content to allow me to draw the reasonable inference that any claim Patricia Elliott ("Elliott") holds against Vincent A. Piazza, III ("Piazza") is non-dischargeable. To survive a motion to dismiss, a pleading must state a plausible claim that a defendant acted unlawfully. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Plausibility requires a showing of more than the mere *possibility* of a claim. However, the showing of a *probable* claim is not required. Rather, the requirement is to plead enough facts to raise a reasonable expectation that discovery will reveal evidence to support relief. *Phillips*, 515 F.3d at 234; *In re Tronox, Inc.*, 429 B.R. 73, 90 (Bankr. S.D.N.Y. 2010); *In re Felt Mfg. Co., Inc.*, 371 B.R. 589, 606 (Bankr. D.N.H. 2007) ("[A] plaintiff need not plead sufficient facts to establish a *prima face* case.").

In considering the Motion, I accept the Amended Complaint's well pled facts as true. However, there is no such assumption with respect to the legal conclusions stated in the Amended Complaint. It is important that a complaint show a plaintiff's entitlement to relief. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (internal citations omitted); *In re Brown*, 591 B.R. 587, 591 (Bankr. M.D. Pa. 2018); *see also In re EP Liquidation, LLC*, 583 B.R. 304, 314 (Bankr. D. Del. 2018). I also may consider attached exhibits, as well as matters of

3

public record. *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993); *Uni-Marts, LLC v. NRC Realty Advisors, LLC*, 426 B.R. 77, 82 (D. Del. 2010).

A court may take judicial notice of facts that are not reasonably subject to dispute. Fed. R. Evid. 201. A bankruptcy court may take judicial notice of the docket entries in a case and the contents of the bankruptcy schedules to determine the timing and status of case events and other events which are not reasonably in dispute. *In re Harmony Holdings, LLC*, 393 B.R. 409, 413 (Bankr. D.S.C. 2008); *In re Paolino*, 1991 WL 284107, at *12 n.19 (Bankr. E.D. Pa. Jan. 11, 1991).

I take judicial notice of the dockets in Piazza's underlying Chapter 7 case, and in this adversary proceeding. I also take judicial notice of the contents of the bankruptcy schedules and statements, which are not reasonably in dispute.

B.  **Dischargeability Generally Favored**

One of the underlying purposes of the Bankruptcy Code is to allow a debtor a fresh start. A corollary to this purpose is that exceptions to discharge are strictly construed against creditors and liberally construed in favor of debtors. *Ins. Co. of N. Am. v. Cohn (In re Cohn)*, 54 F.3d 1108, 1113 (3d Cir. 1995); *In re Gotwald*, 488 B.R. 854, 865 (Bankr. E.D. Pa. 2013); *Customers Bk. v. Osadchuk*, 2018 WL 4562403, at *2 (D.N.J. Sept. 24, 2018).

C.  **What are the Required Steps to Prove a Non-Dischargeable Claim?**

Generally, a bankruptcy court addresses multiple questions in a non-dischargeability action. First, has Elliott pled an enforceable obligation under state law? If she has, is the debt non-dischargeable under 11 U.S.C. § 523(a)(2)(A)[2] of the Bankruptcy Code, as alleged in Count I of the Amended Complaint? Or, is the debt non-dischargeable under § 523(a)(2)(B) of the Bankruptcy Code, as alleged in Count II? *Black v. Gigliotti*, 514 B.R. 439, 444 (E.D. Pa. 2014); *In re August*, 448 B.R. 331, 346 (Bankr. E.D. Pa. 2011).

---

[2] Unless otherwise noted, all future statutory references are to the Bankruptcy Code, 11 U.S.C. § 101, *et seq.*, as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8, 119 Stat. 37 ("Bankruptcy Code").

4

In considering whether an enforceable claim has been pled, a bankruptcy court looks to state law to determine whether there is an enforceable claim against a debtor. *Grogan v. Garner*, 498 U.S. 279, 282-84, 111 S. Ct. 654, 657-58 (1991); *In re Hazelton*, 304 B.R. 145, 150 (Bankr. M.D. Pa. 2003).

The issue of whether any claim is non-dischargeable is a question of federal law governed by the provisions of the Bankruptcy Code. *Grogan*, 498 U.S. at 284; *In re Pulvermacher*, 567 B.R. 881, 886 (Bankr. W.D. Wis. 2017); *In re Guest*, 193 B.R. 745, 747 (Bankr. E.D. Pa. 1996).

In Piazza I, I concluded that Elliott had not stated an enforceable claim under state law. There are significant changes in the Amended Complaint which now require that I reach a different conclusion.

The basic factual nucleus of Elliott's claim concerns an agreement which allowed Piazza to use three of Elliott's credit cards. In Piazza I, I noted that the Original Complaint did not plead whether any agreement between the parties was oral or written. The Amended Complaint includes "[o]n or about 2001, Plaintiff [Elliott] entered into an oral contractual agreement (the Contract) with Defendant [Piazza] regarding the use of Plaintiff's Bank America Credit Cards." Am. Compl. ¶ 14, p. 9, ECF No. 12. The Amended Complaint also alleges that Piazza agreed to pay each credit card in full and on time at the end of each billing cycle. Am. Compl. ¶ 17(c), p. 9, ECF No. 12.

In Piazza I, I also expressed concerns about a purported judgment which was attached as an exhibit to the Original Complaint. I noted that the "final judgment" was undated and did not bear the signature of the Alaska state court judge whose named appeared on the judgment. Contrastingly, the Amended Complaint attaches as exhibits certified copies of three final judgments entered by the District Court for the State of Alaska, First Judicial District at Ketchikan. The total face amount of the three judgments is $82,766.06 ("State Court

5

Judgments"). Am. Compl., Exs. C-E, ECF Nos. 12-3, 12-4 & 12-5. Elliott has acknowledged that Piazza is entitled to a credit of $11,684.09 against the amount claimed. This leaves an apparent claim in the amount of $71,081.97.

Generally, under the Constitution's Full Faith and Credit Clause, a final state court judgment qualifies for recognition throughout the sister states of the United States. *Baker by Thomas v. General Motors Corp.*, 118 S. Ct. 657, 663-64 (1998). Final state court judgments are generally entitled to full faith and credit in federal courts. 28 U.S.C. § 1738; *In re Tulloch*, 373 B.R. 370, 382 (Bankr. D.N.J. 2007) (absent an overriding precept, a state court judgment is to be given the same effect in bankruptcy court as it would be given in the jurisdiction which issued the judgment). I, therefore, conclude that the State Court Judgments constitute sufficient evidence that Elliott has enforceable claims against Piazza under state law. *In re First Actuarial Corp. of Illinois*, 182 B.R. 178, 182 (Bankr. W.D. Mich. 1995) (28 U.S.C. § 1738 imposes a statutory duty upon federal courts to accord full faith and credit to the judicial proceedings of state courts).

I conclude only that the State Court Judgments establish the existence of enforceable claims. I accord those judgments no preclusive effect with respect to the federal questions of whether or not the claims are non-dischargeable.

### D.     Claim of Non-Dischargeability Pursuant to § 523(a)(2)(A)

A claim is non-dischargeable under § 523(a)(2)(A) of the Bankruptcy Code where the creditor proves each of the following: (1) the debtor made a false representation; (2) the debtor knew the representation was false when it was made; (3) the debtor intended to deprive the creditor or to induce him to act upon the representation; (4) the creditor justifiably relied upon the representation; and, (5) the creditor sustained a loss as a proximate result of the representation. *In re Griffith*, 2014 WL 4385743, at *3 (Bankr. M.D. Pa. Sept. 4, 2014); *In re Ritter*, 404 B.R. 811, 822 (Bankr. E.D. Pa. 2009).

I found in Piazza I that the Original Complaint did not adequately advise Piazza of the claims being asserted against him. I also noted that, while Elliott is seeking non-dischargeability under two separate subsections of the Bankruptcy Code, the Original Complaint lumped both matters into a single-count complaint. By comparison, Count I of the Amended Complaint is based upon § 523(a)(2)(A) and Count II is based upon § 523(a)(2)(B).

The Amended Complaint, and the attached exhibits, pleads significant detail about the unpaid charges on the subject credit cards which Piazza allegedly incurred. Further, the Amended Complaint, unlike the Original Complaint, pleads that for a significant period of time, the credit card issuer sent credit card statements directly to Piazza.

The Amended Complaint also includes as exhibits a number of emails from Piazza to Elliott. The first of those emails is dated April 2, 2012. The email includes:

> We have over 1.5 million worth of work on the books over the next 12 months and that credit card is the first bill we will pay . . . If something ever happened to me we have a ton of life insurance on both Brittney and I. You would get paid . . .

("First Email"). Am. Compl., Ex. L, ECF No. 13-3. It is noteworthy that the Amended Complaint includes as exhibits additional emails from Piazza to Elliott, some of which make additional representations concerning Elliott's claims.

To prevail after trial, Elliott will have to prove the required elements of non-dischargeability by a preponderance of the evidence. *Grogan v. Garner*, 498 U.S. 279, 285-86, 111 S. Ct. 654, 657-58 (1991). As noted above, one of the required elements under § 523(a)(2)(A) is "justifiable reliance." Justifiable reliance is a subjective standard and while a creditor must show that she actually relied upon a debtor's misrepresentation, the reliance need not be reasonable. Also, Elliott is not required to show she conducted an independent investigation into the truth or falsity of every representation. *In re Sevastakis*, 591 B.R. 197, 207 (Bankr. D.N.J. 2018).

Piazza maintains that while the Amended Complaint is longer, ". . . the facts or circumstances have [not] changed." Trial Tr. 2. Elliott counters that the emails proposing payment and the promise of security constitute material misrepresentations.

Here, it is significant that both Elliott and Piazza presumably have their own records concerning the credit card charges and any payments. Also, if necessary, discovery can be sought from Bank of America, the issuer of the subject credit cards.

Discovery, as well as weighing of the testimony and other evidence at trial, will ultimately determine whether any or all of Elliott's claims are non-dischargeable. At this stage, I merely find that she has pled a plausible claim for non-dischargeability.

After careful review of the Amended Complaint, I conclude that a plausible claim has been stated for non-dischargeability under § 523(a)(2)(A) of the Bankruptcy Code. The Motion will be denied as to Count I of the Amended Complaint.

    **E.    Has a Plausible Non-Dischargeability Claim Been Pled Pursuant to § 523(a)(2)(B)?**

Elliott's claims against Piazza may be non-dischargeable if she can show, by a preponderance of the evidence, that the debt was based upon:

> **(B)** use of a statement in writing --
>
> > **(i)** that is materially false;
> >
> > **(ii)** respecting the debtor's or an insider's financial condition;
> >
> > **(iii)** on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and
> >
> > **(iv)** that the debtor caused to be made or published with intent to deceive;

11 U.S.C. § 523(a)(2)(B).

The United States Supreme Court has held that a statement about a single asset can be a statement respecting the debtor's financial condition. The Supreme Court also held that the

statement must be in writing, otherwise, even a false statement would not meet the standard for non-dischargeability. *Lamar, Archer & Cofrin, LLP v. Appling*, 138 S. Ct. 1752, 1757 (2018); *see also In re Schempp*, 420 B.R. 637, 640 (Bankr. W.D. Pa. 2009).

I previously referenced several emails, from Piazza to Elliott, copies of which are attached to the Amended Complaint. An email can satisfy the "in writing" requirement of § 523(a)(2)(B). *In re Owens*, 549 B.R. 337, 351 (Bankr. D. Md. 2016); *In re Hambley*, 329 B.R. 382, 399 (Bankr. E.D.N.Y. 2005); *see also In re May*, 579 B.R. 568, 589 & n.79 (Bankr. D. Ut. 2017).

In *Lamar*, the debtor promised that he would pay his law firm from an expected income tax refund. The debtor failed to honor his representation. Justice Sotomayor's opinion found that the debtor's misrepresentation constituted a statement concerning the debtor's financial condition. However, since the debtor's representation in *Lamar* was oral, it did not satisfy the "in writing" requirement of § 523(a)(2)(B).

I find that the representations made by Piazza in the First Email are similar to the representations made by the debtor in *Lamar*. In both cases, the debtor represented that a particular asset or claim would be used to pay the creditor. Importantly, Piazza's representation was written, unlike those of the debtor in *Lamar*.

At trial, Elliott will still have to show, by a preponderance of the evidence, that she reasonably relied upon a materially false, written statement by Piazza. The reasonableness of a creditor's reliance under § 523(a)(2)(B) is judged by an objective standard, i.e., that degree of care which would be exercised by a reasonably cautious person in the same business transaction under similar circumstances. *In re Cohn*, 54 F.3d at 1117-18; *In re August*, 448 B.R. at 351. Here, both parties can avail themselves of the discovery process and trial examination to further develop the factual record as to whether or not Elliott reasonably relied upon a written misrepresentation concerning Piazza's financial condition.

9

I conclude that a plausible claim for non-dischargeability under § 523(a)(2)(B) has been pled in Count II of the Amended Complaint. The Motion will be denied with respect to Count II of the Amended Complaint.

IV. **Conclusion**

The Motion to Dismiss Count I of the Amended Complaint will be denied. The Motion to Dismiss Count II of the Amended Complaint will be denied. Piazza will be directed to file his answer to the Amended Complaint within twenty-one days of the date of this Opinion.

By the Court,

*[signature]*

Robert N. Opel, II, Chief Bankruptcy Judge
(BI)

September 17, 2019